**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-3985

Paul W. Oldham,                          *
                                         *
          Appellant,                     *
                                         * Appeal from the United States
     v.                                  * District Court for the
                                         * Eastern District of Missouri.
Togo D. West, Jr., Secretary of the      *
Army,                                    *
                                         *     [UNPUBLISHED]
          Appellee.                      *

_____

Submitted: February 6, 1998
Filed: February 10, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Paul W. Oldham appeals the district court's[1] grant of judgment to Togo D. West, Jr., the Secretary of the Army, after a seven-day bench trial in Oldham's employment discrimination action.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

We have carefully reviewed the record, including the trial transcript. We find no clear error in the district court's factual findings, as those findings were based on the decision to credit the defense witnesses, each of whom told a "facially plausible story." See Planned Parenthood of Greater Iowa, Inc. v. Atchison, 126 F.3d 1042, 1048 (8th Cir. 1997) (standard of review); Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1101 (8th Cir. 1997) (where trial court's factual findings "are based upon its decision to credit the testimony of a witness or witnesses, each of whom has told a coherent and facially plausible story which is not contradicted by extrinsic evidence, the trial court's findings, unless internally inconsistent, can virtually never be clearly erroneous"; "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous" (internal quotations omitted)).

We further find that the district court did not abuse its discretion in excluding certain hearsay testimony of an unavailable witness, as that testimony was given at a fact-finding hearing where the factfinder posed questions and defendant had neither an opportunity nor the motive to develop testimony relevant to the issues in this case. See Fed. R. Evid. 804(b)(1) ; McKnight ex rel. Ludwig v. Johnson Controls, Inc., 36 F.3d 1396, 1410 (8th Cir. 1994) (standard of review for Rule 804(b)(1) decision).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-